IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

**ELAINE NEIDIG,**
**individually and on behalf**
**of all others similarly situated,**

        **Plaintiff,**

v.

**VALLEY HEALTH SYSTEM,**

        **Defendant.**

CIVIL ACTION NO. _____
**3:22-CV-161 (Groh)**
**Judge Groh**

ELECTRONICALLY
FILED
Sep 20 2022
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

In accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, with a full reservation of its defenses, Defendant Valley Health System gives notice of the removal of the above-captioned action from the Circuit Court of Jefferson County, West Virginia, to the United States District Court for the Northern District of West Virginia. This case is removable under CAFA because the action was filed as a class action and CAFA's statutory requirements are all satisfied.

**I.   NATURE OF THE REMOVED ACTION.**

1. On August 3, 2022, Plaintiff Elaine Neidig ("Plaintiff") filed a complaint in the Circuit Court of Jefferson County, West Virginia, individually and on behalf of all others similarly situated, for claims related to mammography services performed by Defendant Valley Health System ("Defendant").

2. Plaintiff instituted the civil action as a class action pursuant to Rule 23 of the West Virginia Rules of Civil Procedure and set forth allegations that she met the prerequisites for the action to be maintained as a class action. *See Compl*. ¶¶ 62-73. The proposed class of plaintiffs is

identified as patients who received mammography services from Defendant between June 20, 2017 and August 31, 2019 and were West Virginia residents (the "Proposed Class"). *Compl*. ¶ 64.

3.  Plaintiff plead claims for unfair and deceptive acts and practices, unjust enrichment, and breach of contract for mammography services she received at Winchester Medical Center Outpatient Diagnostic Center ("WMC"), one of Defendant's healthcare facilities, on the following dates: March 16, 2016, which she was "billed" $555.00; December 19, 2017, which she was "billed and paid" $567.00; and June 18, 2019, which she was "billed and paid" $504.00. *Compl*. ¶¶ 15-21.

4.  The gravamen of Plaintiff's complaint is that mammograms provided to her and others "were not 'quality healthcare.'" *Compl.* ¶ 30. It is alleged that mammography services provided to Plaintiff and others "were of different, deficient, inferior, and lesser value compared to what [Defendant] represented them to be" and Defendant misrepresented that the mammography services satisfied "federal standards for accreditation [.]" *Compl*. ¶¶ 27-29, 45.

## II. THIS ACTION IS REMOVABLE UNDER CAFA.

5.  Plaintiff's class action lawsuit is removable under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), because: (i) it meets the definition of a "class action" that was filed under a similar state rule of judicial procedure to Federal Rule of Civil Procedure Rule 23; (ii) each of CAFA's statutory requirements is satisfied; and (iii) there are no applicable CAFA exceptions prohibiting removal. Jurisdiction under CAFA is measured at the time of removal. 28 U.S.C. § 1332(d); *Carter v. Allstate Ins. Co.*, 2012 WL 3637239 at 10 (N.D.W. Va. 2012).

6.  CAFA provides that "district courts *shall* have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen

of a State different from any defendant." 28 U.S.C.A. § 1332(d)(2) (emphasis added); *see Standard Fire Ins. Co.* v. *Knowles*, 133 S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C § 1332(d)(2) and (d)(5)(B) and holding that jurisdiction exists under CAFA "if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'").

7. Unlike other types of removed cases, courts construe class complaints generously in favor of removal jurisdiction under CAFA and should not employ any presumption against removability. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

    **A.**    **This Case is a Class Action.**

8. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or *similar state statute or rule of judicial procedure* authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332 (d)(1)(B); *see Palkovic v. Countrywide Home Loans, Inc.,* 2014 WL 5449687 at fn. 1 (N.D.W. Va. Oct. 24, 2014) (emphasis added). To be a similar state rule of judicial procedure, CAFA requires that the state rule must:

> provide a procedure by which a member of a class whose claim is typical of all members of the class can bring an action not only on his own behalf but also on behalf of all others in the class, such that it would not be unfair to bind all class members to the judgment entered for or against the representative party.

*W. Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 175 (4th Cir. 2011). The Fourth Circuit has recognized that "West Virginia Civil Rule of Procedure 23 [] satisf[ies] the 'similarity requirement[.]" *Id*.

9. Here, Plaintiff's class action lawsuit meets the definition of a "class action" under CAFA. Plaintiff alleged that "[t]his action [wa]s brought and may be properly maintained as a class action pursuant to Rule 23 of the West Virginia Rules of Civil Procedure." *Compl*. ¶ 63. Plaintiff purports to bring "this action on behalf of herself and those identified as consumers who between June 20, 2017, and August 31, 2019, received mammography services from Defendant and were residents of West Virginia" (the "Proposed Class"). *Compl*. ¶ 64.

10. Plaintiff's class action lawsuit also satisfies CAFA's 100-member numerosity requirement. The total number of members of the Proposed Class is 6,732 patients. *See* **Exhibit A**, Declaration of Carla Dallmann (the "Declaration").[1] Additionally, the Complaint includes allegations that that the Proposed Class consists of over 100 members and "could involve hundreds of litigants and members." *Compl*. ¶¶ 65, 72. Therefore, the numerosity requirement is satisfied and this action qualifies as a "class action" under CAFA.

   **B.   CAFA's Minimal Diversity Requirements are Met.**

11. There is minimal diversity between Plaintiff and Defendant under CAFA. District courts have original jurisdiction of "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). CAFA eliminates the requirement of complete diversity. Instead, CAFA requires only minimal diversity—meaning that the parties are diverse if the citizenship of the plaintiff differs from that of at least one defendant. 28 U.S.C. § 1332(d)(2)(A).

---

[1] The United States District Court for the Northern District of West Virginia found an affidavit of the vice president of operations of a corporation sufficient to establish the numerosity requirement under CAFA, which provided the number of members that could be included in the class as defined by the plaintiff after review of company records maintained in the ordinary course of business. *Kemper v. Quicken Loans, Inc.*, 2013 WL 5504152 at 2-4 (N.D.W.Va. 2013).

12. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. Applying these principles, there is minimal diversity between the parties. Plaintiff is a citizen of West Virginia and Defendant is a citizen of Virginia, as Valley Health is a corporation that is incorporated in and has its principal place of business in Virginia. *See Compl.* ¶¶ 1, 3; *see also* **Exhibit A**, Declaration of Carla Dallmann.

14. Because there is diversity of citizenship between at least one plaintiff and at least one defendant, this action meets the minimal diversity requirement under Section 1332(d)(2)(A).

### C. CAFA's Amount in Controversy Requirement is Met.

15. The amount in controversy, $6,159,063.00, exceeds CAFA's jurisdictional threshold. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at Syl. Pt. 1. The Northern District has "consistently applied the 'preponderance of evidence' standard to determine whether a removing defendant has met its burden of proving the amount in controversy." *Chanze v. Air Evac EMS, Inc.*, 2018 WL 3546234 at 2 (N.D.W.Va. 2018); *Hochstrasser v. Broadspire Servs., Inc.*, 2013 WL 5536465 at 4 (N.D.W.Va. 2013); *McMahon v. Advance Stores Co. Inc.*, 2011 WL 2038596 at 2 (N.D.W.Va. 2011).

16. Pursuant to the express language of the CAFA, the amount in controversy in a putative class action is determined by aggregating the alleged damages with respect to the claims of the named plaintiff and the claims of the alleged class members. 28 U.S.C. § 1332(d)(6); *see Bird v. Turner*, 2015 WL 3455355 at 6 (N.D.W.Va. 2015); *see also McMahon*, 2011 WL 2038596

at 2 ("[t]he well-settled test in the Fourth Circuit for calculating the amount in controversy is 'the pecuniary result to either party which [a] judgment would produce'").

17. The production of an affidavit setting forth the total charges for services provided according to plaintiff's defined class was found to "put[] to rest any question" as to whether the amount in controversy was met under CAFA. *See Cox v. Air Methods Corp.*, 2018 WL 2437056 at 3 (S.D.W.Va. 2018).

18. "In determining the amount in controversy, th[e Northern District] looks to the plaintiff's complaint." *Hochstrasser*, 2013 WL 5536465 at 5. In her Complaint, Plaintiff seeks, among other things, the following damages: (a) actual damages; (b) statutory damages for violations of the WVCCPA, as authorized by W. Va. Code § 46A-6-106; (c) compensatory damages for the unjustly depreciated value of purchased mammograms; (d) disgorgement of wrongfully obtained and retained profits; and (e) contract damages. *Compl*. Demand for Relief.

19. For her damages, Plaintiff alleges that she had three (3) mammograms performed at WMC, which she was billed $555.00 for the March 16, 2016 mammogram, $567.00 for the December 19, 2017 mammogram, and $504.00 for the June 18, 2019 mammogram. It is not plead whether these damages are the average, minimum, or maximum damages of the members of the Proposed Class. It is also not plead whether the number of mammograms alleged by Plaintiff is the average number of mammograms performed per member of the Proposed Class.

20. As detailed in the Declaration, the amount in controversy is $6,159,063.00, which exceeds the jurisdictional threshold. Defendant identified 6,732 patients as members of the Proposed Class "who between June 20, 2017, and August 31, 2019, received mammography services from Defendant and were residents of West Virginia." All of the 6,732 patients identified had at least one charge for a mammogram, and possibly other charges within the mammography

department on the date of service, which encompass the amount in controversy. The billed amounts of charge codes for mammograms only, performed at WMC between June 20, 2017, and August 31, 2019 for patients who were residents of West Virginia, was $5,124,947.00, which still exceeds the jurisdictional threshold.

21. Accordingly, the $6,159,063.00 the amount in controversy satisfies the jurisdictional threshold.

### D. CAFA's Exceptions are Not Applicable.

22. No applicable CAFA exceptions prevent removal and/or permit or require remand of this action. Under CAFA's mandatory exception, if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed[,]" this Court may not exercise jurisdiction. 28 U.S.C.A. § 1332(d)(4). Alternatively, under CAFA's discretionary exception, this Court has may decline jurisdiction if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed[.]" 28 U.S.C.A. § 1332(d)(3).

23. As detailed in the Declaration, Defendant identified 19,067 patients who were not residents of West Virginia at the time services were provided and who received one or more mammograms at WMC between June 20, 2017 and August 31, 2019. The total aggregated number of members of the proposed plaintiff classes, including the Proposed Class, is 25,736 patients (the "Aggregated Plaintiff Class"). The members of the Aggregated Plaintiff Class are broken down between the following states:

| | | | |
|---|---|---|---|
| a. | Virginia: | 18,300 | 72.20% |
| b. | West Virginia: | 6,564 | 25.90% |
| c. | Maryland: | 87 | 0.34% |
| d. | Other States: | 396 | 1.56% |

      TOTAL    25,347[2]

  24.  Here, Plaintiff filed the Complaint in West Virginia, which only accounts for 25.90% of the Aggregated Plaintiff Class - well below the mandatory and discretionary thresholds. Regardless, Defendant is not a citizen of West Virginia. Therefore, there is no CAFA exception that would prohibit removal and/or would permit or require remand of this action.

### III. Compliance with Procedural Requirements

  25.  Defendant has satisfied all the procedural requirements for removal under 28 U.S.C. § 1446.

  26.  Defendant is filing this Notice of Removal pursuant to 28 U.S.C. § 1441(a) in the United States District Court for the Northern District of West Virginia because the state court in which the action was commenced, the Circuit Court of Jefferson County, West Virginia, is within this federal judicial district. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

  27.  Plaintiff served the Summons and Complaint upon the Defendant through the West Virginia Secretary of State, which accepted service of process as Defendant's statutory agent on August 22, 2022. Defendant is removing the case within thirty (30) days of that date; therefore, this removal is timely under 28 U.S.C. § 1446(b).

  28.  In accordance with 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders served upon [the removing] defendant . . . in such action" are attached as **Exhibit B**.

---

[2] The data system will only count each patient identification number once in the total amount of patients, even if a patient subsequently moved to a different state.

29. In accordance with 28 U.S.C. § 1446(d), Defendant has served a copy of this Notice of Removal on all adverse parties and filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, West Virginia.

30. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any and all defenses or objections to the Complaint, including insufficiency of service, statute of limitations, and failure to meet the jurisdictional prerequisites or otherwise comply with the West Virginia Medical Professional Liability Act. If there are any questions that arise as to the propriety of removal of this action, Defendant respectfully requests the opportunity to submit briefing, argument, and additional evidence as necessary to support removal of this case.

Dated: September 20, 2022

Respectfully submitted,

*/s/ Charles F. Printz, Jr.*
Charles F. Printz, Jr. (WVSB #2985)
J. Tyler Mayhew (WVSB #11469)
Liana L. Stinson (WVSB #13968)
BOWLES RICE LLP
Post Office Drawer 1419
Martinsburg, West Virginia  25402-1419
cprintz@bowlesrice.com
tmayhew@bowlesrice.com
lstinson@bowlesrice.com
Telephone (304) 264-4200
Facsimile (304) 267-3822
*Counsel for Valley Health System*

15115678.1