IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ELAINE NEIDIG,**
**Individually and on behalf**
**of all others similarly situated,**

  **Plaintiff,**

v.                CIVIL ACTION NO.: 3:22-CV-161
                 (GROH)

**VALLEY HEALTH SYSTEM,**

  **Defendant.**

## MEMORANDUM OPINION AND ORDER
## GRANTING VALLEY HEALTH'S MOTION TO DISMISS

Elaine Neidig filed this class action against a regional healthcare provider after receiving substandard mammograms at one of its hospitals. In her Complaint for unfair and deceptive acts and practices, unjust enrichment, and breach of contract, Ms. Neidig alleges that the mammograms Valley Health provided were not "quality healthcare." ECF No. 1-2 at 7. She instead claims that "the mammograms were the worst kind of health care because they gave her and others the impression that [they] were accurate when in fact they were not dependably accurate." Id. at 8. The lack of accuracy and image quality resulted from hospital staff "not accurately positioning or compressing women's breasts during mammograms" according to a Food and Drug Administration report. Id. at 7.

Valley Health moves the Court to dismiss case pursuant to Rule 12(b)(1) for failing to comply with West Virginia's pre-suit filing requirements or alternatively 12(b)(6) for being filed outside the statute of limitations. Both arguments require the Court to construe

Ms. Neidig's claims under West Virginia's Medical Professional Liability Act ("MPLA"). However, Ms. Neidig asserts that none of her claims arise out of or are governed by the MPLA, and Valley Health's Motion should be denied.

## I. Applicable Legal Standards

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff and must view the allegations in a light most favorable to the plaintiff. See Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To that end, Federal Rule of Civil Procedure 8 articulates a pleading standard which "does not require detailed factual allegations, but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation and internal quotation marks omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement" does not suffice. Id. (alteration in original) (citation and internal quotation marks omitted).

A party is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). When reviewing a complaint's sufficiency under Rule 12(b)(6), a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

**II. The MPLA's certificate requirements "do not govern actions in federal court."**

Valley Health argues that because Ms. Neidig never provided it "with a screening certificate of merit" prior to filing suit pursuant to the MPLA, this Court lacks subject matter jurisdiction under West Virginia Code § 55-7B-6(a). This argument is without merit.

The Fourth Circuit's holding in Pledger v. Lynch, 5 F.4th 511 (4th Cir. 2021) was clear: "certificate requirements like West Virginia's do not govern actions in federal court because they conflict with and are thus supplanted by the Federal Rules of Civil Procedure." Id. at 518. Accordingly, "failure to comply with West Virginia's MPLA is not grounds for dismissal" in federal court. Id.

**III. Ms. Neidig's claims are governed by the MPLA.**

The parties disagree about whether the claims presented are governed by the MPLA. Valley Health takes the position that regardless of how the claims were pled, they describe conduct governed by the MPLA. Conversely, Ms. Neidig argues her claims are about "advertising and billing practices" and "not about health care." ECF No. 5 at 9.

Turning to the Complaint, Ms. Neidig alleges that she "went to Winchester Medical Center for a mammogram." ECF No. 1-2 at 6. She contends she made the choice to leave West Virginia and go to Valley Health's hospital based on marketing and advertising. Id. In July of 2019, federal inspectors discovered that hospital "staff were not accurately positioning or compressing women's breasts during mammograms." Id. at 7. Based upon this, the FDA issued a report and Valley Health sent a notice to individuals who received substandard mammograms. The notice warned that the "FDA determined [Valley Health] failed to meet the clinical image quality standards established by our facility's accreditation body, the American College of Radiology (ACR), as required by the FDA." Id.

Moreover, the Complaint alleges that "[t]he mammograms provided to Ms. Neidig were not 'quality healthcare.'" Id. The Complaint continues, "[i]n fact, the mammograms were the worst kind of health care because they gave her and others the impression that [they] were accurate when in fact they were not dependably accurate." Id. at 8.

Although Ms. Neidig's claims are for unfair and deceptive acts and practices, breach of contract and unjust enrichment, she may not "avoid the MPLA with creative pleading." State ex rel. W. Virginia Univ. Hosps., Inc. v. Scott, 866 S.E.2d 350, 359 (W. Va. 2021). The Supreme Court of Appeals of West Virginia's recent decision in Scott is informative to this Court's analysis here.

The Scott court held that corporate negligence causes of action stemming from corporate-level decisions were subject to the MPLA regardless of how the plaintiffs framed the claims in their complaint. In Syllabus Point 5, the court explained that "failure to plead a claim as governed by the [MPLA] does not preclude application of the Act.

4

Where the alleged tortious acts or omissions are committed by a health care provider within the context of the rendering of 'health care' as defined by [statute], the Act applies regardless of how the claims have been pled." Id. at 353 (quoting Syl. pt. 4, Blankenship v. Ethicon, Inc., 656 S.E.2d 451, 453 (W. Va. 2007).

West Virginia's Legislature amended the MPLA in 2017 "by broadening several statutory definitions, including 'health care.'" Id. at 357.

> (e) "Health care" means:
>
> (1) Any act, service, or treatment provided under, pursuant to, or in the furtherance of a physician's plan of care, a health care facility's plan of care, medical diagnosis, or treatment;
>
> (2) Any act, service, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider or person supervised by or acting under the direction of a health care provider or licensed professional for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement, including, but not limited to, staffing, medical transport, custodial care, or basic care, infection control, positioning, hydration, nutrition, and similar patient services; and
>
> (3) The process employed by health care providers and health care facilities for the appointment, employment, contracting, credentialing, privileging, and supervision of health care providers.

W. Va. Code Ann. § 55-7B-2 (West).

Even when a cause of action does not appear to be grounded in medical negligence, "one would be remiss to ignore the legislative pathway of the MPLA." Scott, at 359. As the court explained, "'medical professional liability' no longer encompasses only *health care services rendered or that should have been rendered*. It also includes 'other claims that *may be contemporaneous to or related to* the alleged tort or breach of contract or otherwise provided, all in the context of rendering health care services.'" Id. (quoting W. Va. Code § 55-7B-2(i) (emphasis added)).

Here, Ms. Neidig alleges the substandard mammograms Valley Health performed were "the worst kind of health care" and form the basis of her claims. Just as Ms. Neidig refers to the mammograms as health care, there can be no doubt that a mammogram falls under the West Virginia Legislature's definition for health care. The Court is unpersuaded by her argument that Valley Health's advertising and billing practices underlie her claims and remove this action from the MPLA's grasp.

To be clear, West Virginia's Legislature has defined medical professional liability broadly, to include

> any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient. It also means other claims that may be contemporaneous to or related to the alleged tort or breach of contract or otherwise provided, all in the context of rendering health care services.

W. Va. Code § 55-7B-2(i).

All of Ms. Neidig's claims are based upon the substandard mammograms she received from Valley Health. As pleaded, the claims allege conduct that was "contemporaneous to or related to the alleged tort or breach of contract . . . in the context of rendering health care services." Id. Simply stated, Ms. Neidig is unable to escape the MPLA's broad reach because her claims clearly arise from alleged deficient health care she received, which occurred in the context of medical professional liability.

### IV. This civil action is time barred.

Although Ms. Neidig argues that the MPLA is inapplicable to her claims, she offers no argument that this civil action was timely filed under the MPLA's two-year statute of limitations if it does apply. Valley Health submits that this case had to commence within two years of Ms. Neidig receiving notice of her alleged injuries. See ECF No. 3-1 at 9.

According to her Complaint, she received notice on December 16, 2019. See ECF No. 1-2 at 7; 23–24.

The Court finds the two-year statute of limitations found in W. Va. Code § 55-7B-4(a) applies to Ms. Neidig's claims, and the time to file began to run on December 16, 2019. Accordingly, Ms. Neidig had to file her Complaint on or before December 16, 2021, for it to be timely filed. The instant Complaint was filed on August 3, 2022. Therefore, the Complaint in this civil action was untimely filed and the claims therein are statutorily time barred.

## V. Conclusion

Having found that Ms. Neidig's claims against Valley Health are within the MPLA's statutory framework and the two-year statute of limitation applies, the Court concludes that this case must be dismissed. Valley Health's Motion to Dismiss [ECF No. 3] under Rule 12(b)(6) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

The parties' Joint Motion to Stay Discovery [ECF No. 7] and Ms. Neidig's Motion for Leave to File a Surreply[1] [ECF No. 9] are **TERMINATED as MOOT**.

The Clerk of Court is **DIRECTED** to remove this case from the Court's active docket and to transmit copies of this Order to all counsel of record herein.

**DATED**: October 31, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE

---

[1] The Court reviewed Ms. Neidig's argument, but it finds the Surreply unnecessary because the Court rejected Valley Health's 12(b)(1) argument based upon the Fourth Circuit's decision in Pledger.

7